UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OHIO STATE INNOVATION FOUNDATION, | * * * |
| Plaintiff, | * * |
| v. | * Civil Action No. 19-cv-11528-ADB * |
| AKAMAI TECHNOLOGIES, INC., | * * |
| Defendant. | * * |

## MEMORANDUM AND ORDER ON MOTION TO DISMISS

BURROUGHS, D.J.

Plaintiff Ohio State Innovation Foundation ("OSIF"), which holds intellectual property developed by or for The Ohio State University, filed this action against Defendant Akamai Technologies, Inc. ("Akamai"), alleging patent infringement in violation of 35 U.S.C. § 271. [ECF No. 1, "Compl.," ¶ 1]. According to OSIF, Akamai has engaged in direct infringement, as well as indirect infringement by actively inducing its users to infringe on OSIF's patent. [Compl. ¶¶ 28–32.] Currently pending before the Court is Akamai's motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF No. 23]. For the reasons set forth below, Akamai's motion to dismiss [ECF No. 23] is DENIED.

## I.   BACKGROUND

The following facts are drawn from the Complaint, the well-pleaded allegations of which are taken as true for purposes of evaluating Akamai's motion to dismiss. Ruivo v. Wells Fargo Bank, 766 F.3d 87, 90 (1st Cir. 2014).

OSIF was formed in 2012 to hold property developed by and for The Ohio State University. [Compl. ¶ 2]. On December 27, 2016, OSIF was issued U.S. Patent No. 9,531,522

("the '522 Patent"), titled System and Method for Proactive Resource Allocation. [Id. ¶¶ 1, 7]. Representative claim 1 of the '522 Patent provides that a software monitors and collects individual mobile user device history in order to create individual profiles for users. [Id. ¶ 8]. The program then automatically provides certain repeatedly requested information. [Id.]. This automation allows for content to be downloaded and delivered during off-peak hours, when fewer mobile users would be attempting to utilize necessarily limited bandwidth. [Id. ¶¶ 9–10].

Dr. Hesham El Gamal, Chair of The Ohio State University's Department of Computer and Electrical Engineering, is the lead inventor on the '522 Patent. [Id. ¶ 11]. In order to commercialize the '522 Patent, Dr. El Gamal, along with other members of OSIF, created Inmobly, Inc. ("Inmobly"), which has a license to the '522 Patent and other related OSIF patents. [Id. ¶ 12].

In September 2013, Dr. El Gamal approached Akamai about the possibility of Akamai purchasing a license to the '522 Patent. [Id.]. Within a few weeks, on October 2, 2013, Inmobly and Akamai entered into a mutual non-disclosure agreement. [Id. ¶ 14; ECF No. 1-3]. Dr. El Gamal subsequently presented to Akamai, including its Vice President of Engineering, James V. Luciani, regarding the '522 Patent. [Compl. ¶ 15]. For several months after Dr. El Gamal's presentation, Akamai had access to a demo version of the '522 Patent software. [Id. ¶ 16]. In fall 2014, Akamai informed Dr. El Gamal that it was not interested in the software. [Id. ¶ 19].

In December 2014, Akamai filed an application on Managing Mobile Device User Subscription and Service Preferences for Predictively Pre-Fetch Content, Application Serial No. 14/584,770, also known as the MAP SDK. [Id. ¶¶ 20, 22]. Mr. Luciani is listed as a lead inventor. [Id. ¶ 20; ECF No. 1-5 at 2]. According to Akamai, the software covered by the application has "the ability to push content to [a] device before its requested." [Compl. ¶ 22

(quoting https://developer.akamai.com/legacy/tools/map)].  Those data pushes would take place "during 'off hours' . . . in order to overcome times of high network congestion . . . ."  [Id.].

On January 28, 2018, OSIF informed Akamai that it believed that Akamai was infringing on claim 1 of the '522 Patent and that it therefore required a license under that patent.  [Id. ¶ 25]. After Akamai informed OSIF that it would not be purchasing that license, OSIF filed the instant complaint, [id. ¶ 26], claiming that Akamai infringed on the '522 Patent in violation of 35 U.S.C. § 271.

On June 12, 2019, Akamai moved to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  [ECF No. 23 at 1].

## II. LEGAL STANDARD

To evaluate a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept as true all well-pleaded facts, analyze those facts in the light most favorable to the plaintiff's theory, and draw all reasonable inferences from those facts in favor of the plaintiff. See United States ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 383 (1st Cir. 2011). To avoid dismissal, a complaint must set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (citation omitted).  The facts alleged must be sufficient to "state a claim to relief that is plausible on its face."  A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Though a lower threshold than probability, a plausible claim must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## III. DISCUSSION

To make a claim of direct infringement under 35 U.S.C. § 271(a), OSIF must plausibly claim that Akamai, "without authority ma[de], use[d], offer[ed] to sell," or sold the '522 Patent. OSIF must additionally "allege that defendant's product practices all the elements of at least one of the claims of the subject patent." Rampage, LLC v. Global Graphics SE, No. 16-cv-10691, 2017 WL 239328, at *3 (D. Mass. Jan. 19, 2017) (citation omitted). Additionally, even if the alleged accused product does not literally infringe a claim, "[t]he doctrine of equivalents allows the patentee to claim those insubstantial alterations that were not captured in drafting the original patent claim but which could be created through trivial changes." Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., 535 U.S. 722, 733 (2002). OSIF would then need to demonstrate that "the accused product or process contain[s] elements identical or equivalent to each claimed element of the patented invention." Warner-Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17, 40 (1997). OSIF claims that Akamai's MAP SDK practices all of the elements of claim 1 of the '522 Patent.

According to Akamai, OSIF has failed to state a claim because the '522 Patent pertains to machine learning technology, whereas Akamai's MAP SDK allows users, rather than machines, to create user profile groups based on mobile browsing history. [ECF No. 24 at 11]. Akamai argues that, "[t]here is no plausible construction of the claim term 'machine learning techniques' that could expand the claim so far that it would include a human being defining the claimed profile." [Id. at 12].

OSIF relies primarily on quotes from Akamai's own publications describing the MAP SDK and its required subscription service, Akamai's Ion Platform. [ECF No. 34 at 6]. For example, in its own words, the MAP SDK uses a network, "coupled to a mobile network" in

order to "predict[] content of interest" and "automatically deliver[] the content of interest to the end user mobile device in a background process." [ECF No. 1-5, at 15]. Meanwhile, the '522 Patent analyzes a mobile user's content history in order to use machine learning to build a user profile. [ECF No. 1-7 at 2]. Further, when describing its own prediction engine in its patent application, Akamai explained that "data mining-based or machine-learning-based algorithms" could be utilized. [ECF No. 1-5 at 13]. There are numerous other examples of similar language, as OSIF included a claim chart comparing each element of claim 1 of the '522 patent with Akamai's alleged infringement, [ECF No. 1-7], but such examples are sufficient for the purposes of this Order.

Akamai's argument that its product requires human interaction is inadequate to rebut its own statements pertaining to the actual or potential utilization of automation and machine-learning in its MAP SDK and associated Ion Platform subscription service. The factual allegations in OSIF's complaint are legally sufficient to survive a motion to dismiss for its direct infringement claim.

To make a claim of indirect infringement under § 271(b), OSIF must plausibly claim that Akamai induced others into infringing the '522 Patent. 35 U.S.C. § 271(b); Rampage, LLC, 2017 WL 239328, at *4. "Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement." Dynacore Holdings Corp. v. U.S. Philips Corp., 363 F.3d 1263, 1272 (Fed. Cir. 2004); see also Purdue Pharma L.P. v. Collegium Pharm. Inc., 335 F. Supp. 3d 149, 162 (D. Mass. 2018). OSIF must sufficiently plead that Akamai "knew of the patent and that 'the induced acts constitute patent infringement.'" Commil USA, LLC v. Cisco Sys., Inc., 135 S.Ct. 1920, 1926 (2015) (citation omitted).

Akamai's only argument that it did not engage in indirect infringement is that it did not engage in direct infringement, a necessary prerequisite for indirect infringement. [ECF No. 24 at 13]. Having found that OSIF has sufficiently stated a claim of direct infringement and Akamai having made no other arguments on the issue, the Court likewise finds that OSIF has sufficiently pled a claim of indirect infringement to survive a motion to dismiss.

## IV. CONCLUSION

Accordingly, Akamai's motion to dismiss [ECF No. 23] is <u>DENIED</u>.

**SO ORDERED.**

September 20, 2019 /s/ Allison D. Burroughs  
ALLISON D. BURROUGHS  
U.S. DISTRICT JUDGE